UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| MICHAEL THOMAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 4:09-CR-5-HSM-SKL-7 |
| | ) | 4:16-CV-73-HSM |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Before the Court is the United States' motion to deny and dismiss Petitioner's supplemented pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 365]. Petitioner submitted the relevant § 2255 petition on June 24, 2016 [Docs. 331, 334]. In it, he challenges his enhancement under Section 4B1.1 of the United States Sentencing Guidelines based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual provision of the Armed Career Criminal Act, 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.* (suggesting that his sentence is no longer valid because the residual provision in Section 4B1.2 is equally vague)].[1]

---

[1] The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563.

Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender," i.e., adult defendant whose offense of conviction is a "crime of violence or controlled substance

On March 6, 2017, the Supreme Court issued *Beckles v. United States*, which held that the United States Sentencing Guidelines are "not amenable to vagueness challenges." 137 S.Ct. 886, 894 (2017). Two weeks later, this Court entered an Order (1) explaining that *Beckles* necessarily meant that "*Johnson* . . . does not undermine sentences based on Guideline enhancements;" (2) instructing the parties to "file any motion that they want[ed] the Court to consider in conjunction with, or prior to, ruling on [the instant] petition[] on or before April 1, 2017;" and (3) requiring that responsive pleadings be filed on or before April 15, 2017 [Doc. 364].

On March 28, 2017, the United States filed the instant motion to dismiss Petitioner's *Johnson*-based challenge to his career offender designation in light of *Beckles* [Doc. 365]. Petitioner has not filed a response and the time for doing so has now passed [Doc. 364]. This Court interprets the absence of a response as a waiver of opposition. *See, e.g.*, *Notredan, LLC v. Old Republic Exch. Facilitator Co.*, 531 F. App'x 567, 569 (6th Cir. 2013) (explaining that failure to respond or otherwise oppose a motion to dismiss operates as both a waiver of opposition to, and an independent basis for granting, the unopposed motion); *see also* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought").

Because *Beckles* forecloses *Johnson*-based collateral relief from Petitioner's Guideline enhancement and because this Court interprets Petitioner's failure to respond to the United States' request for dismissal as a waiver of opposition, the motion to deny and dismiss [Doc. 365] will be

---

offense" and who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Manual § 4B1.1(a). "Crime of violence" under the Guidelines is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual § 4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

.

2

**GRANTED** and supplemented petition [Docs. 331, 334] will be **DENIED** and **DISMISSED WITH PREJUDICE**.

This Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**SO ORDERED** this 19th day of April, 2017.

                                                  */s/ Harry S. Mattice, Jr.*
                                                  HARRY S. MATTICE, JR.
                                              UNITED STATES DISTRICT JUDGE